# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**RONALD A. LEVITT,**             ]
                                  ]
    **Plaintiff,**                 ]
                                  ]
**v.**                            ]     **2:25-cv-949-ACA**
                                  ]
**U.S. INTERNAL REVENUE SERVICE,** ]
                                  ]
    **Defendant.**                ]

## MEMORANDUM OPINION

Plaintiff Ronald Levitt filed this action against the United States Internal Revenue Service ("IRS"). (Doc. 1). Mr. Levitt alleges the IRS violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to disclose responsive records that he requested. (*Id.* at 9). But Mr. Levitt requested those documents acting on behalf of his client, Potts Mountain Reserve IP, LLC, and thus, Mr. Levitt did not suffer a concrete injury to have Article III standing. Because Mr. Levitt does not have standing, the court **DISMISSES** this action **WITHOUT PREJUDICE**.

### I.   BACKGROUND

Mr. Levitt is an attorney, and he represents Potts Mountain Reserve IP, LLC. (Doc. 1 ¶ 17). Mr. Levitt filed a FOIA request with the IRS on behalf of Potts Mountain pursuant to a power of attorney. (*See id.*; doc. 1-1 at 3 ("I represent Potts Mountain Reserve IP, LLC . . . . Enclosed is the Power of Attorney . . . confirming

the foregoing.")). Nothing in the complaint nor the attached document demonstrates Mr. Levitt acted in his personal capacity when submitting the FOIA request. (*See* doc. 1-1 at 3, 5, 7–10; doc. 1 ¶ 17).

Over the course of the year, the IRS sent Mr. Levitt multiple communications that repeatedly extended the time in which the department would respond to Mr. Levitt's request. (Doc. 1 ¶¶ 18–25). But the IRS never supplied the requested documents, so Mr. Levitt sued, naming only himself as the plaintiff. (*Id*. ¶¶ 1, 7). Because standing is a threshold question, *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005), the court *sua sponte* ordered Mr. Levitt to show cause why the court should not dismiss the action for lack of subject-matter jurisdiction. (Doc. 10). Mr. Levitt timely responded. (Doc. 11).

## II. DISCUSSION

Standing is jurisdictional. *Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1353 (11th Cir. 2025). To have standing, the plaintiff must show an injury in fact, traceability, and redressability. *Id.* At the early stages of litigation, that means the plaintiff "needs to plead (and later support) an injury that is concrete, particularized, and actual or imminent, rather than conjectural or hypothetical." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 925 (11th Cir. 2020) (en banc). Here, Mr. Levitt's complaint does not allege an injury in fact. Rather, it alleges that Potts Mountain, acting though Mr. Levitt as its agent and attorney, requested documents from the

IRS, and the government did not provide those documents. (*See* doc. 1 ¶¶ 17–25; doc. 1-1 at 2–3). Thus, the alleged injury was suffered by Potts Mountain, not Mr. Levitt.

Mr. Levitt counters with three arguments. First, he contends the FOIA statute allows "any person" to submit a records request, and therefore a personal interest in the information is not required to show an injury in fact. (Doc. 11 at 2–5). Second, the person who submits the request is the proper party to sue under the FOIA statute. (*Id*. at 6–7). Third, Mr. Levitt argues that, as the FOIA requester, he suffered an injury when the IRS denied his request. (*Id*. at 5–6).

But Mr. Levitt's logical progression misses a step: he was not the FOIA requester. As highlighted above, his complaint and the documents attached to it make clear that Potts Mountain requested the information. Mr. Levitt acted as an agent and not in his personal capacity. Indeed, Mr. Levitt conceded this point in his response to the court's order to show cause. (*See* doc. 11 at 3–4). Accordingly, to the extent there is an injury, it belongs to Potts Mountain—not Mr. Levitt.

Mr. Levitt points to one case in which a court found a party had standing to bring suit regarding a FOIA request "on behalf of" someone else. *See Pub. Emps. for Env't Resp. v. U.S. Dep't of Com.*, 968 F. Supp. 2d 88, 96 (D.D.C. 2013). There, a "non-profit, public-interest organization" requested information from the National Marine Fisheries Service about one of the agency's former employees. *Id*. at 91–92.

The organization requested documents that related to the employee's termination "on behalf of" the employee. *Id.* at 92 The court reasoned that the organization had standing because it was the actual FOIA requester: the organization's executive had signed the request, the organization sent the FOIA request from its email, and the government communicated with the organization about the request instead of the former employee. *Id.* at 96.

In addition to being non-binding, the case is distinguishable. Instead of an organization submitting a FOIA request on behalf of an individual, a limited liability company—acting through its agent—submitted a FOIA request. (*See* doc. 1 ¶ 17; doc. 1-1 at 2–3; doc. 11 at 3–5). A corporate entity can "act only through its agents." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1317 (11th Cir. 2019). Mr. Levitt, indeed, attached a power of attorney to the request to prove to the IRS that he was acting in his capacity as an authorized agent of Potts Mountain. (Doc. 1-1 at 3, 7–10). The request also says, "Please see the attached FOIA Request and POA for Potts Mountain Investors, LLC." (*Id.* at 2). So Mr. Levitt was not an independent, third party submitting a request. Instead, a corporate entity submitted the request through its agent, and thus, the corporate entity is the one harmed when the government violates the statute.

Moreover, even assuming that Mr. Levitt was a FOIA requester, he still would not have standing. Mr. Levitt asserts an information injury—that the IRS denied him

4

access to information that he was entitled to under the FOIA. But there is "no standing when [a] plaintiff[] allege[s] a statutory violation that did not hurt them." *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1245 (11th Cir. 2022) (en banc). Instead, he must identify "consequential harms from the failure to disclose the contested information." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020); *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 441–42 (2021) (noting a plaintiff must identify "downstream consequences").

Mr. Levitt's complaint identifies no downstream consequence or concrete harm he suffered from the alleged FOIA violation. Rather, Mr. Levitt alleges only that he requested documents and did not receive them and identifies no other harm. (*See* doc. 1 ¶¶ 17–26, 29–34). But "[f]or standing purposes, . . . an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *TranUnion LLC*, 594 U.S. at 426–27. The difference exists because "an injury in law is not an injury in fact." *Id.* at 427. Because Mr. Levitt invoked this court's jurisdiction, he had the burden to demonstrate he had standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). He did not satisfy that burden.

## III. CONCLUSION

For the reasons stated above, the court **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**DONE** and **ORDERED** this October 23, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE